IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

OTTER PRODUCTS, LLC, a Colorado
Limited Liability Company,

    Plaintiff,

v.

ONE STEP UP LTD., d/b/a LIFEWORKS
TECHNOLOGY GROUP, LLC,,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Otter Products, LLC ("OtterBox"), by and through its undersigned attorneys, for its Complaint against Defendant One Step Up, Ltd., d/b/a Lifeworks Technology Group, LLC ("One Step Up"), states as follows:

### PARTIES

1.    Plaintiff OtterBox is a Colorado limited liability company with its principal place of business in Fort Collins, Colorado.

2.    Upon information and belief, One Step Up is a New York domestic

1

business corporation with a principal place of business at 1412 Broadway, 3rd Floor, New York, New York, 10018.

3.  Upon information and belief, One Step Up, Ltd. does business as "Lifeworks Technology Group, LLC."

## JURISDICTION AND VENUE

4.  This is a civil action for patent and trade dress infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*; the Federal Trademark ("Lanham") Act, 17 U.S.C. § 1051 *et seq.*; and the Colorado Consumer Protection Act, CRS § 6-1-101 *et seq.*

5.  This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

6.  Venue and personal jurisdiction are proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, because One Step Up is engaged in the regular, continuous, and systematic transaction of business in this judicial district, including through the distribution, sale and or offer for sale of the Lifeworks™ Tough Case case ("the Tough Case") through third party distributors and retailers and has committed acts of patent infringement in this judicial district.

## OTTERBOX'S INTELLECTUAL PROPERTY

7.  On July 15, 2010, United States Design Patent No. D617,784 (the '784 Patent"), entitled "Case," was duly and legally issued to Curt R. Richardson and Alan V. Morine. A true and correct copy of the '784 Patent is attached as **Exhibit A**.

2

8. The '784 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

9. By assignment, OtterBox owns all rights, title, and interests in and to the '784 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

**FIRST CLAIM FOR RELIEF**
**(Infringement of U.S. Patent No. D617,784)**

10. OtterBox incorporates by reference paragraphs 1 through 9 as if set forth in their entirety.

11. One Step Up is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Lifeworks Tough Case for the Apple iPhone 3G/3GS.

12. One Step Up's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Tough Case constitute direct infringement of the '784 Patent, in violation of 35 U.S.C. § 271(a).

13. One Step Up's infringement of the '784 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

14. One Step Up's infringement of the '784 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law. One Step Up's infringement will continue unless enjoyed by this Court.

## SECOND CLAIM FOR RELIEF
### (Willful Patent Infringement, 35 U.S.C. § 284)

15. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 14 as if set forth in their entirety.

16. On information and belief, One Step Up's actions in infringing the '784 Patent have been, and are, willful, deliberate, and/or in conscious disregard of OtterBox's and/or its predecessor-in-interest's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling OtterBox to treble damages and the award of its attorneys' fees.

## THIRD CLAIM FOR RELIEF
### (Trade Dress Infringement)

17. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 16 as if set forth in their entirety.

18. When designing, producing, and manufacturing the Defender Series cases for the Apple iPhone 3G/3GS and other phones, Plaintiff OtterBox has adopted a particular dress, design, and combination of features to produce a particular visual appearance for the purpose of presenting such goods to the public.

19. One Step Up has imitated OtterBox's particular dress, design, and combination of features in such a way as to mislead the public.

20. On information and belief, One Step Up's actions are intended and/or operate to confuse the public into believing that its products are produced, endorsed, licensed, or in some manner authorized by OtterBox.

21. OtterBox's sales of its own products are prejudiced by One Step Up's

4

imitation and copying of the Defender Series product line, to OtterBox's irreparable damage.

## FOURTH CLAIM FOR RELIEF
### (Willful Trade Dress Infringement)

22. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 21 as if set forth in their entirety.

23. On information and belief, the complete mimicry of aesthetic features – excepting the omission of the "OtterBox™" logo from the back of the case – evidences a conscious intent by One Step Up to imitate and copy OtterBox and thereby confuse the public into believing its products are produced, endorsed, licensed, or in some other manner affiliated with or authorized by OtterBox.

24. On information and belief, by adopting a design appropriating the unique aesthetic features of the OtterBox design, One Step Up has willfully infringed the trade dress rights of OtterBox.

## FIFTH CLAIM FOR RELIEF
### (Unfair Competition under Colorado Revised Statute § 6-1-101 *et seq.*)

25. OtterBox incorporates by reference each and every allegation in paragraphs 1 through 24 as if set forth in their entirety.

26. One Step Up's intentional and knowing duplication of the aesthetic features of the OtterBox product line and the Defender Series case is intended to pass off its products as those of OtterBox without authorization, and is a deceptive trade practice in violation of Colorado Revised Statute (CRS) § 6-1-105(a).

27. One Step Up's intentional and knowing duplication of the aesthetic

5

features of the OtterBox product line and the Defender Series case is intended to make a false representation as to the source, sponsorship, approval, and certification of its products, and is a deceptive trade practice in violation of CRS § 6-1-105(b).

28.  One Step Up's intentional and knowing duplication of the aesthetic features of the OtterBox product line and the Defender Series case is intended to make a false representation as to the sponsorship, approval, status, affiliation or connection of OtterBox with One Step Up's products, and is a deceptive trade practice in violation of CRS § 6-1-105(e).

29.  One Step Up's actions have been in conscious bad faith, entitling OtterBox to treble damages under CRS § 6-1-113(2)(III).

30.  OtterBox has been injured in the course of its business as a result of One Step Up's deceptive trade practices.

## DEMAND FOR JURY TRIAL

31.  OtterBox hereby requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, OtterBox prays as follows on all claims:

A.  For a temporary restraining order, and preliminary and permanent injunctions enjoining and restraining One Step Up, and all related entities or persons acting in concert with them, as follows:

(i)  From manufacturing, selling, or offering for sale the Tough Case, or otherwise infringing upon OtterBox's rights in

6

                    United States Design Patent No. D617,784; and

        (ii)    From manufacturing, selling, or distributing, or in any manner enabling or aiding others to manufacture, sell, or distribute the Lifeworks Tough Case and all versions thereof, or from otherwise infringing upon OtterBox's trade dress rights;

B.    For an award of OtterBox's damages as appropriate under the patent laws of the United States, comprising:

        (i)    Lost profits, in an amount to be ascertained at trial;

        (ii)    A reasonably royalty, in an amount to be ascertained at trial;

        (iii)    Treble damages;

C.    For an award of OtterBox's damages as appropriate under 15 U.S.C. § 1117 and the common law trademark laws of the United States, including:

        (i)    One Step Up's profits, in an amount to be ascertained at trial; and

        (ii)    Damages sustained by OtterBox as a result of One Step Up's trade dress infringement, in an amount to be proven at trial; and

        (iii)    Treble damages for One Step Up's willful infringement of OtterBox's trade dress rights under 17 U.S.C. § 1117(a);

D.    For an award of OtterBox's damages under CRS § 6-1-101 *et seq.*, including:

    (i)  OtterBox's actual damages; and

    (ii)  Treble damages for One Step Up's bad faith conduct under CRS § 6-1-113(2)(a)(III);

  E.  For its reasonable attorneys' fees and costs; and

  F.  For such other and further relief as the Court deems just and proper.

DATED: March 3, 2011      TURNER BOYD LLP

              /s/ James W. Beard
              ***James W. Beard***
              Karen I. Boyd
              2570 W. El Camino Real, Suite 380
              Mountain View, California 94040
              Email:  beard@turnerboyd.com
                    boyd@turnerboyd.com
              Telephone: (650) 521-5930
              Facsimile:  (650) 521-5931

              *Attorneys for Otter Products, LLC, d/b/a OtterBox*

Plaintiff's address:
Otter Products, LLC
One Old Town Square, Suite 303
Fort Collins, CO   80524